# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCKHILL DIVISION

| | |
|---|---|
| Kevin Sams, | Civil Case No.: 0:17-cv-00497-JMC |
| Petitioner, | |
| v. | **ORDER** |
| Bonita Mosely, *Warden*, | |
| Respondent. | |

*Pro se* Kevin Sams ("Petitioner"), a federal prisoner incarcerated at Edgefield Federal Correctional Institution in South Carolina ("Edgefield FCI"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition")[1] on February 21, 2017. (ECF No. 1.) Petitioner alleges that Respondent failed to comply with the "Mandate of the Second Chance Act." Specifically, Petitioner states that Respondent did not complete the necessary forms that would permit him to enter into a halfway house for twelve (12) months upon his release from Edgefield FCI. (*Id*. at 8.)

The Magistrate Judge's Report and Recommendation, filed on June 27, 2017, recommends that Petitioner's Petition be dismissed with prejudice for lack of prosecution. (ECF No. 15.) On April 28, 2017, Respondent filed a Motion for Summary Judgment ("Motion") requesting that Petitioner's Petition for Writ of Habeas Corpus be denied. (ECF No. 6.) On April 28, 2017, the court provided Petitioner a notice regarding summary judgment procedures and the possible consequences if he failed to respond adequately to the court's Order. (ECF No. 7.)

---

[1] Petitioner reported that he filed a Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in the United States District Court, Northern District of Georgia. (ECF No. 1 at 5.) However, this petition was denied. *Kevin Sams v. United States of America*, No. 4:16-cv-00248-ELR (N.D. Ga. Mar. 21, 2017).

1

Notwithstanding the notice, Petitioner failed to respond to Respondent's Motion. Due to Petitioner proceeding *pro se*, the court, on June 7, 2017, issued an Order informing Petitioner it appeared that he was not opposing Respondent's Motion and wished to abandon his Petition. (ECF No. 12.) The court ordered Petitioner to advise it as to whether he wished to continue with his Petition and to file a response to Respondent's Motion within fourteen (14) days from this Order. (*Id*.) Petitioner was specifically notified that if he failed to respond, his Petition would be recommended for dismissal with prejudice for failure to prosecute. (*Id*.) Despite this Order, Petitioner failed to respond to Respondent's Motion. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation (ECF No. 15 at 3.) However, Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. (ECF No. 15.) It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED** with prejudice for lack of prosecution.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 17, 2017
Columbia, South Carolina